IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

BAYER CROPSCIENCE LP and
MONSANTO TECHNOLOGY LLC,

       Plaintiffs,

v.

ROBERT O. PIERCE JR. d/b/a WOLF
BAYOU FARMS,

       Defendant.

Case No. _____

## PLAINTIFFS' ORIGINAL COMPLAINT
## FOR DAMAGES AND INJUNCTIVE RELIEF

American farmers rely on innovative, patented seed technologies to maximize yields, manage weeds in their fields, and control pests. Bayer CropScience develops those critical technologies through extensive investment in research and development. Bayer CropScience patents the resulting seed technologies and licenses them to growers. The majority of growers abide by the terms of their license agreements. Some growers, however, abuse their licenses or ignore them altogether. In doing so, they infringe Bayer CropScience's patents, breach their licenses, and impinge Bayer CropScience's innovations, threatening the availability of these technologies for all growers.

Defendant is one of these infringing growers. He uses patented Xtend® seed technology for its superior germplasm and its pesticide tolerant traits over hundreds of acres in Southeast Missouri, but plants those acres with saved seeds. Rather than purchase the seed from Bayer's authorized retailers and respecting the single-use license, Defendant cleaned and planted soybeans he saved from a prior harvest. That unauthorized saved seed contained Bayer

CropScience's Roundup Ready 2 Xtend® seed technology, which confers glyphosate and dicamba-tolerance, thereby infringing Bayer CropScience's patent rights.

Plaintiffs, for their Original Complaint against Robert O. Pierce Jr. d/b/a Wolf Bayou Farms ("Pierce" or "Defendant"), would respectfully show this Court the following:

## I.    INTRODUCTION

1.      Defendant knowingly, intentionally, and willfully committed patent infringement by making, using, offering to sell, and/or selling soybean seed with Bayer CropScience's patented technology, including its Roundup Ready 2 Yield®, Roundup Ready 2 Xtend®, and/or XtendFlex® soybean seed technology, without authorization from Plaintiffs by planting soybeans, containing one or more of the aforementioned technologies, that he saved from a prior harvest.  Defendant also breached the express terms of his contract with Bayer CropScience through these actions.

## II.    PARTIES

**Plaintiffs**

2.      Bayer CropScience LP is a limited partnership organized and existing under the laws of the State of Delaware, with its principal place of business in St. Louis, Missouri.

3.      Monsanto Technology LLC is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business in St. Louis, Missouri.[1]

**Defendant**

4.      Defendant Pierce is an individual and a citizen of Missouri.  His current address, on information and belief, is 1760 County Hwy 344, Caruthersville, MO 63830.

---

[1] Bayer CropScience LP and Monsanto Technology LLC may be referred to collectively herein as "Bayer CropScience."

5.      Defendant is engaged in a farming business that involves the planting of crops, including soybeans, in Pemiscot County, Missouri.  Between 2020 and 2022, Defendant farmed approximately 1,275 to 1,550 acres of soybeans annually.  On information and belief, Defendant has farmed as Wolf Bayou Farms.

6.      Defendant may be served with summons at 1760 County Hwy 344, Caruthersville, MO 63830, or wherever he may be found.

### III.    JURISDICTION AND VENUE

7.      This is an action for patent infringement arising under the patent laws of the United States of America, 35 U.S.C. § 1, *et. seq.*, including 35 U.S.C. § 271.  This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 because one or more of Plaintiffs' claims arise under the laws of the United States, as well as 28 U.S.C. § 1338, granting district courts original jurisdiction over any civil action regarding patents.

8.      This Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over all of Plaintiffs' non-federal question claims because they form part of the same case or controversy.

9.      This Court has personal jurisdiction over Defendant, and venue is proper in this judicial district and division. Defendant resides in and operates his business in Pemiscot County, a county within the Eastern District of Missouri.  Venue also is proper in this judicial district because Plaintiffs' claims arose within this judicial district.  Specifically, Defendant committed patent infringement and breach of contract from his regular and established place of business in Pemiscot County, Missouri, and directed against Plaintiffs, located in St. Louis, Missouri within this division.  As such, venue is proper under 28 U.S.C. §§ 1391(b) and 1400(b), and Local Rule 2.07.

10.     In addition, the parties in this action agreed to personal jurisdiction in the Eastern District of Missouri, Eastern Division, and have designated this judicial district and division as the exclusive forum and venue for all disputes arising under the licensing agreements executed by Defendant.  A true and accurate copy of the licensing agreement executed by Defendant in 2017 is attached hereto as **Exhibit C**.  As such, personal jurisdiction and venue are proper.

## IV.     PATENTS-IN-SUIT

11.     United States Patent Number 9,944,945 ("the '945 patent"), a true and correct copy of which is attached hereto as **Exhibit A**, was issued on April 17, 2018

12.     United States Patent Number 7,838,729 ("the '729 patent"), a true and correct copy of which is attached hereto as **Exhibit B**, was issued on November 23, 2010.

13.     Monsanto Technology LLC is and has been the owner of the '945 and '729 patents for all times relevant to the events giving rise to this action.

## V.     FACTUAL BACKGROUND

### A.  Background of Bayer CropScience's Biotechnologies

14.     This case concerns revolutionary biotechnologies, developed by Bayer CropScience after the investment of substantial time, expertise, and expense, including Roundup Ready 2 Yield®, Roundup Ready 2 Xtend®, and/or XtendFlex® soybeans.  These patented technologies enable soybeans (and other crops) to tolerate glyphosate, or tolerate glyphosate and dicamba, widely used agricultural herbicides, and increase yields.  Glyphosate and dicamba-based herbicides can cause damage to conventional crops and non-crop plants that are not naturally resistant to the herbicides or have not been genetically modified to tolerate them.

15.     Bayer CropScience invested decades of research and hundreds of millions of dollars developing these biotechnologies to help farmers control weeds.  As reflected by farmers' widespread adoption, these technologies offer farmers significant economic benefits.  The

technologies have decreased production costs for crops and have significantly reduced the amount of management time needed to grow crops, in part because they greatly simplify the treatment of weeds.

16.     Before the introduction of Bayer CropScience's earlier Roundup Ready® seeds, farmers often had to apply three or more different herbicides to achieve the same control of weeds that has been achieved using Roundup Ready® seeds together with glyphosate as the sole herbicide.  Roundup Ready® 2 Yield was developed to increase yield and maintain crop tolerance to glyphosate.

17.     The next generation of Bayer CropScience technologies, Roundup Ready 2 Xtend® and XtendFlex® seeds, can be used with glyphosate herbicide in combination with approved formulations of dicamba, or, in the case of XtendFlex® seeds, with additionally approved herbicides containing glufosinate, to combat weeds that may be resistant to one or more herbicides.  Roundup Ready® 2 Yield, Xtend®, and XtendFlex® technologies also enable farmers to reduce tillage of soil with heavy equipment, decreasing erosion and soil loss.

18.     To commercialize its inventions, and protect its valuable intellectual property rights, Bayer CropScience licenses its technology to competitors and individual farmers. Farmers wishing to lawfully use the patented technology enter into and agree to be bound by the terms of a license agreement (a "Technology Stewardship Agreement" or "TSA"), which is updated annually, that gives the farmer/licensee permission to use the valuable seed technology pursuant to the terms of that limited use license.  The TSA provides the licensed farmer, and only the licensed farmer, with a limited right to use the patented technology to grow a single commercial crop, the progeny seeds of which will also contain the patented technology. Farmers may not save seed containing the patented technology from harvested crops for planting on their own fields, nor may they save seed to sell or transfer to other farmers for planting.  A farmer

who wishes to grow crops from seeds containing Bayer CropScience's technology must obtain the seed only from an authorized dealer each planting season.

19.     Licensed growers agree to the updated TSA on an annual basis before each soybean season.  Signing the original TSA, thus becoming a licensed grower, and continuing to purchase soybean seeds under the new TSA for a subsequent soybean season bind growers to the terms of the updated TSA. As part of the TSA, licensed growers also agree to abide by a Technology User Guide ("TUG"), as amended every year, which includes a number of requirements for the use of Bayer CropScience's patented technology.

### Herbicides and Biotechnologies

20.     Roundup® branded herbicides are non-selective glyphosate-based herbicides manufactured by Bayer CropScience that, when applied to crops that are not tolerant to glyphosate, cause severe injury or destruction to non-tolerant plants, including soybean varieties that do not contain glyphosate-tolerant technology.  Soybean displays unique and identifiable symptomology after having been sprayed with Roundup® or other herbicides containing glyphosate, unless those soybeans contain glyphosate-tolerant technology such as the patented Roundup Ready 2 Yield®, Roundup Ready 2 Xtend®, or XtendFlex® technology.

21.     XtendiMax® with VaporGrip® Technology ("XtendiMax®") is a low-volatility, selective dicamba-based herbicide manufactured by Bayer CropScience that, when directly applied to crops that are not tolerant to dicamba, causes severe injury or destruction to non-tolerant plants, including soybean varieties that do not contain the patented Roundup Ready 2 Xtend® technology or XtendFlex® technology.  Soybean displays symptomology after being directly sprayed with XtendiMax® or other herbicides containing dicamba, unless it contains the patented Roundup Ready 2 Xtend® or XtendFlex® technology.

22.     Bayer CropScience's Roundup Ready 2 Yield®, Roundup Ready 2 Xtend®, and XtendFlex® technology are protected under multiple United States patents, including the '945 and '729 patents.  These patents were issued and assigned to Monsanto Technology LLC prior to the events giving rise to this action.

## Biotechnology Licensing

23.     Bayer CropScience licenses the use of Roundup Ready 2 Yield®, Roundup Ready 2 Xtend®, and XtendFlex® seed technologies only to farmers at the retail marketing level through a limited use license commonly referred to as a TSA.

24.     Farmers are not authorized to use Bayer CropScience's patented seed technologies unless they sign a TSA, agree to the terms thereof and any subsequent term thereto for each planting season in which they use the patented seed technologies, and abide by those terms.

25.     Among others things, the express terms of the TSA prohibit licensees from saving harvested seed containing the patented technologies for planting purposes, or from selling, transferring or supplying saved seed to others for planting. The use of the licensed seed is expressly limited to the production of a single commercial crop.

26.     Licensees are also expressly prohibited by the terms of the TSA from purchasing or receiving seed containing the patented technologies from unauthorized dealers.

## Product Labeling

27.     Bayer CropScience places on the labeling of its bags and multi-bag containers containing Roundup Ready 2 Yield® seed technology the required statutory notice that its Roundup Ready 2 Yield® technology is patented. In particular, each bag and multi-bag container of Roundup Ready 2 Yield® seed is marked with notice, either directly or via link to a virtual marking website, of at least the '945 patent.

28.     Bayer CropScience places on the labeling of its bags and multi-bag containers containing Roundup Ready 2 Xtend® or XtendFlex® seed technology the required statutory notice that its Roundup Ready 2 Xtend® or XtendFlex® technology is patented. In particular, each bag and each multi-bag container of Roundup Ready 2 Xtend® or XtendFlex® seed is marked with notice, either directly or via link to a virtual marking website, of at least the '945 and '729 patents.

<u>**Unauthorized Activities under Licensing Agreement**</u>

29.     Bayer CropScience does not authorize (and specifically prohibits under the language of the TSA) the planting of saved Roundup Ready 2 Yield® seed. The planting of saved Roundup Ready 2 Yield® seed is both a breach of contract and an infringement of Bayer CropScience's patent rights, including the '945 patent.

30.     Bayer CropScience does not authorize (and specifically prohibits under the language of the TSA) the transfer of saved Roundup Ready 2 Xtend® and XtendFlex® seed. The transferring of saved Roundup Ready 2 Xtend® or XtendFlex® seed is both a breach of contract and an infringement of Bayer CropScience's patent rights, including the '945 and '729 patents.

**B.  Defendant's Misconduct**

31.     Defendant agreed to the terms of the TSA when he signed it in 2017. He further was sent annual updates of the TSA and TUG, in accordance with the terms of the TSA, including, but not limited to, in 2020, 2021 and 2022 prior to the soybean seasons. Defendant further made purchases of Roundup Ready 2 Yield®, Roundup Ready 2 Xtend® and/or XtendFlex® soybean seed in 2019, 2020, 2021 and 2022, and thus agreed to abide by the updated terms and conditions of each of those years' respective TSAs and TUGs.  The annual TSAs and TUGs also put Defendant on notice of Bayer CropScience's patents, including the '945 and '729 patents.

32.     Any making, use, offers to sell, or sale of the patented seeds saved by Defendant, therefore, constitutes direct and willful patent infringement.  Rather than lawfully enter into a license and fully pay for the technology, Defendant has, for at least the 2020, 2021 and 2022 soybean seasons, knowingly, intentionally, and willfully made, used, offered to sell, and/or sold saved Bayer CropScience's patented soybean seed, without authorization.

33.     Such making, using, offering to sell, and/or selling by Defendant, without authorization from Bayer CropScience, was a willful violation of Bayer CropScience's patent rights and the express language of the TSA.

34.     In at least the 2020, 2021, and 2022 soybean seasons, Defendant knowingly, intentionally, and willfully committed patent infringement by making, using, offering to sell, and/or selling Roundup Ready 2 Yield®, Roundup Ready 2 Xtend® and/or XtendFlex® soybean seed, which was saved from a prior year's harvest of Roundup Ready 2 Yield®, Roundup Ready 2 Xtend® and/or XtendFlex® soybeans, without authorization from Bayer CropScience.

35.     Defendant harvested the soybean plants that survived the growing seasons in 2020, 2021 and 2022.

36.     Defendant violated the terms of the license he obtained from Bayer CropScience when he purchased the patented seeds at issue and then planted seeds saved from one crop in a subsequent year.

### VI.     CAUSES OF ACTION

### COUNT I:
### PATENT INFRINGEMENT-Patent No. 9,944,945 (Saved Seed)

37.     Each and every allegation set forth in the above-numbered paragraphs is hereby incorporated by reference just as if it was explicitly set forth hereunder.

38.     On April 17, 2018, the '945 patent was duly and legally issued to Monsanto Technology LLC for an invention in "Soybean event MON89788 and methods for detection thereof."

39.     Monsanto Technology LLC is the owner by assignment of all rights, title and interest in and to the '945 patent.

40.     Defendant directly infringed the '945 patent, including at least one of claims 1, 3, 5 and 7, by making, using, offering to sell, or selling seed having the Roundup Ready 2 Yield®, Roundup Ready 2 Xtend® and XtendFlex® technology embodying the patented invention without authorization from Bayer CropScience, and will continue to do so unless enjoined by this Court.

41.     Defendant's infringing activities were conducted with full knowledge and with notice that Defendant was in violation of Bayer CropScience's patent rights.

42.     Defendant's actions damaged Bayer CropScience and will continue to injure Bayer CropScience, unless and until such infringement is enjoined by this Court.

43.     Pursuant to 35 U.S.C. § 283, Bayer CropScience is entitled to injunctive relief in accordance with the principles of equity to prevent the infringement of rights secured by its patents.

44.     Pursuant to 35 U.S.C. § 284, Bayer CropScience is entitled to damages adequate to compensate for the infringement, although in no event less than a reasonable royalty, together with interest and costs to be taxed to the infringer. Further, damages should be trebled pursuant to 35 U.S.C. § 284 in light of the Defendant's knowing, willful, conscious, and deliberate infringement of the patent rights at issue.

45.     Defendant's infringing activity brings this cause within the purview of the exceptional case contemplated by 35 U.S.C. § 285, and thus Bayer CropScience requests the award of reasonable attorneys' fees and costs.

**COUNT II:**
**PATENT INFRINGEMENT-Patent No. 7,838,729 (Saved Seed)**

46.     Each and every allegation set forth in the above-numbered paragraphs is hereby incorporated by reference just as if it was explicitly set forth hereunder.

47.     On November 23, 2010, the '729 patent was duly and legally issued to Monsanto Technology LLC for an invention in "Chloroplast transit peptides for efficient targeting of DMO and uses thereof."

48.     Monsanto Technology LLC is the owner by assignment of all rights, title and interest in and to the '729 Patent.

49.     Defendant directly infringed the '729 patent, including at least one of claims 29 and 30, by making, using, offering to sell, or selling seed having the Roundup Ready 2 Xtend® and/or XtendFlex® technology embodying the patented invention without authorization from Bayer CropScience, and will continue to do so unless enjoined by this Court.

50.     The Defendant's infringing activities were conducted with full knowledge and with notice that Defendant was in violation of Bayer CropScience's patent rights.

51.     Defendant's actions damaged Bayer CropScience and will continue to injure Bayer CropScience, unless and until such infringement is enjoined by this Court.

52.     Pursuant to 35 U.S.C. § 283, Bayer CropScience is entitled to injunctive relief in accordance with the principles of equity to prevent the infringement of rights secured by its patents.

53.     Pursuant to 35 U.S.C. § 284, Bayer CropScience is entitled to damages adequate to compensate for the infringement, although in no event less than a reasonable royalty, together with interest and costs to be taxed to the infringer. Further, damages should be trebled pursuant to 35 U.S.C. § 284 in light of the Defendant's knowing, willful, conscious, and deliberate infringement of the patent rights at issue.

54.     Defendant's infringing activity brings this cause within the purview of the exceptional case contemplated by 35 U.S.C. § 285, and thus Bayer CropScience requests the award of reasonable attorneys' fees and costs.

**COUNT III:**
**BREACH OF CONTRACT FOR SAVING AND PLANTING SAVED SEED**

55.     Each and every material allegation set forth in the above-numbered paragraphs is hereby incorporated by reference just as if it were explicitly set forth hereunder.

56.     In 2017, Defendant entered into the "2017 Monsanto Technology / Stewardship Agreement" attached as Exhibit C (referred to as a "TSA"). The TSA was signed by Defendant Pierce, and was on behalf of himself, all entities for which he obtains seed, and all individuals and entities having an ownership interest in any entities for which he obtains seed.  The TSA is a valid and enforceable contract.

57.     The 2017 TSA was between Defendant and Monsanto Company, and later the TSAs were between Defendant and Bayer CropScience.

58.     In the 2017 TSA, Defendant agreed to be bound by the terms of subsequent TSAs, which Bayer provided notice of to Defendant in subsequent years, including 2020, 2021 and 2022.  The terms of the 2022 TSA are set forth in **Exhibit D**.

59.     Bayer CropScience, for its part, tendered performance pursuant to the TSAs by giving the Defendant the opportunity to purchase and plant seed containing Roundup Ready 2

Yield®, Roundup Ready 2 Xtend® and XtendFlex® technology. The TSAs also placed Defendant on notice of the limitations on Defendant's use of Bayer CropScience's patented seed.

60.     The conduct of Defendant in at least 2020, 2021 and/or 2022, as set forth above, is a breach of the TSAs, which, among other provisions, prohibit the saving, planting and/or transfer or sale of saved Roundup Ready 2 Yield®, Roundup Ready 2 Xtend®, and XtendFlex® technology seed or use of any portion of seed grown from newly purchased Roundup Ready 2 Yield®, Roundup Ready 2 Xtend®, and XtendFlex® seed to plant a subsequent crop.

61.     As a direct and proximate result of this breach, Bayer CropScience has been damaged and is entitled to damages for breach of the TSA, as well as reasonable attorneys' fees under the provisions of the TSA.

62.     Bayer CropScience (the non-breaching party) is entitled to damages for Defendant's breach. At a minimum, Bayer CropScience is entitled to an amount that would put it in as good a position as it would have been in if the contract had been performed, which in this case would be an amount equal to the applicable purchase price which the Defendant would otherwise have been required to pay. Under the TSAs, Bayer CropScience is also entitled to an injunction.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs Bayer CropScience LP and Monsanto Technology LLC pray that process and due form of law issue to Defendant requiring him to appear and answer the allegations of this Complaint, and that after due proceedings are had, there be judgment in favor of Plaintiffs and against Defendant, providing the following relief to Plaintiffs:

A.     Entry of judgment in favor of Plaintiffs and against Defendant that Defendant is infringing and has directly and indirectly infringed the '945 and '729 patents, and that such infringement has been unlawful, willful, intentional and deliberate;

B.      Entry of judgment in favor of Plaintiffs and against Defendant for damages, together with interest and costs, to compensate Plaintiffs for Defendant's patent infringement;

C.      A finding that damages should be trebled pursuant to 35 U.S.C. § 284 in light of Defendant's knowing, willful, conscious, intentional, and deliberate infringement;

D.      A finding that this case is exceptional under 35 U.S.C. § 285, thereby entitling Plaintiffs to the award of reasonable attorneys' fees and costs;

E.      Entry of judgment for breach of contract, including damages for such;

F.      Entry of a permanent injunction against Defendant to prevent him from making, using, saving, planting, selling, offering to sell, importing, or otherwise transferring any of Plaintiffs' patented technologies, without express written permission from Plaintiffs;

G.      Entry of judgment in favor of Plaintiffs and against Defendant for costs, expenses, and reasonable attorneys' fees incurred by Plaintiffs; and

H.      Such other relief as the Court may deem appropriate.

Dated:  January 25, 2023

Respectfully submitted,

**THOMPSON COBURN LLP**

By */s/ Daniel C. Cox*
Daniel C. Cox, Missouri USDC, Eastern District - 38902MO
Jeffrey A. Masson, Missouri USDC, Eastern District – 60244MO
Matthew S. Bober, Missouri USDC, Eastern District – 59825MO
One US Bank Plaza
St. Louis, MO  63101
P: 314 552 6000
F: 314 552 7000
dcox@thompsoncoburn.com

*Attorneys for Plaintiffs Bayer CropScience LP and Monsanto Technology LLC*